**FILED**



JUN 1 7 2014

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOSEPH WAYNE COVERT, | Cause No. CV 13-207-M-DWM-JCL |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| DAN O'FALLON; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

This case comes before the Court on Petitioner Covert's application for writ of habeas corpus under 28 U.S.C. § 2254. When Covert filed the petition, he was proceeding pro se.

Covert pled guilty in Montana's Twenty-First Judicial District Court, Ravalli County, to sexual intercourse without consent. He was sentenced to serve 30 years in prison with 10 years suspended. Pet. (Doc. 1) at 2 ¶¶ 1-3.

Among other things, Covert's federal petition alleged he was not competent to enter a guilty plea. He did not indicate when (or whether) he regained competency. On March 6, 2014, this Court appointed counsel to represent him. Noting significant procedural obstacles in the path of Covert's claim, the Court nonetheless ordered counsel to investigate the factual basis of Covert's

1

competency claim at the time of his guilty plea. Counsel was directed to file a status report with the Court and, if appropriate, an amended petition or a motion. Order (Doc. 10) at 2, 3 ¶ 3. Counsel responded by filing a status report on June 16, 2014. Counsel did not file an amended petition.

Based on the petition as later supplemented, *see* Pet. App. (Doc. 1-1); Resp. to Order (Doc. 7), as well as the status report, the Court finds both that the petition fails to state a claim for relief and that it is procedurally defaulted without excuse.

## I. Procedural Bar

Covert makes several claims against the criminal judgment entered on December 14, 2010. *See* Resp. to Order (Doc. 7) at 1-3. He did not appeal the conviction or sentence. He sought but was denied leave to file an out-of-time appeal in the Montana Supreme Court. *See State v. Covert*, No. DA 12-0609 (Mont. filed Oct. 11, 2012). He filed two subsequent habeas actions in that court, Nos. OP 13-0223 and OP 13-0682, and another petition for leave to file an out-of-time appeal, No. DA 13-0683. The Montana Supreme Court denied each request because each was untimely and/or procedurally inapposite. *See* Order at 1, *Covert*, No. DA 12-0609 (Mont. Nov. 7, 2012); Order at 1-2, *Covert*, No. OP 13-0223 (Mont. Apr. 9, 2013); Order at 1-2, *Covert* No. OP-0682 (Mont. Nov. 5, 2013); Order at 1, *Covert*, No. DA 13-0683 (Mont. Nov. 5, 2013), *all available at* http://supremecourtdocket.mt.gov (accessed June 17, 2014). As a result, Covert has

2

never fairly presented any of his claims to the courts of the State of Montana. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

Consequently, Covert's federal petition, in its entirety, is procedurally barred. *Gray v. Netherland*, 518 U.S. 152, 162 (1996). Although it is probably time-barred as well, *see Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005), no decision need be made on that point.

Through counsel, Covert has had an opportunity to demonstrate circumstances that might excuse procedural default. His status report shows that the facts and circumstances of the case prevent him from doing so. At the time of the underlying criminal proceedings, Covert was evaluated by two professional psychologists, neither of whom found any indication that Covert was "under the influence of mental health drugs" or "unfit to make rational decisions" at the time of his guilty plea. Resp. to Order (Doc. 7) at 1; Status Report (Doc. 16) at 4-8 ¶¶ 8-15.

Further, Covert impregnated a 15-year-old girl at a time when he was 26 years old. In Montana, that is statutory rape. *See* Mont. Code Ann. § 45-5-503(3)(a) (2007); Status Report at 1-2 ¶¶ 1-3. The Court assumes the truth of Covert's description of the nature of his relationship with the victim and the victim's view of the matter. Status Report at 2-3 ¶ 4, 8 ¶ 16. Nonetheless, he cannot sustain an actual-innocence claim.

Covert makes no claim in this Court of ineffective assistance of counsel in connection with his failure to appeal, and it would be too late for him to do so now. *Mayle v. Felix*, 545 U.S. 644, 664 (2005); *see also Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000); *Peoples*, 489 U.S. at 351.

There is no basis to excuse Covert's failure to fairly present his claims in the state courts. The petition should be dismissed with prejudice as procedurally defaulted in its entirety.

## II. Merits of the Claims

Even if the merits of Covert's claims were considered, he would not prevail. Federal habeas relief is available only where a state prisoner's custody is in violation of federal law. 28 U.S.C. § 2254(a).

A prosecutor's conflict of interest may imply an ethical issue but does not, without more, rise to the level of a federal due process violation. The fact that other offenders have received lesser sentences for similar crimes does not make Covert's sentence excessive. As indicated by the status report, there is no reason to believe Covert's decision to plead guilty was negatively influenced by mental health drugs or that he was "impaired and mental[l]y unfit to make rational decisions." Likewise, there is no reason to believe that counsel was ineffective in failing to recognize such issues. Federal law does not mandate that conditions of probation or parole be related only to the elements of the offense of conviction. No legally

4

cognizable prejudice arises under the standards of *Strickland v. Washington*, 466 U.S. 668, 694 (1984), when a defendant enters an open plea of guilty as opposed to an *Alford* plea. No federal constitutional requirement is violated when time served in pretrial custody is credited against a parole eligibility date but not a discharge date. *See* Resp. to Order (Doc. 7) at 1-3; Pet. App. (Doc. 1-1) at 1.

Except as to the competency claim, the allegations of Covert's petition do not give rise to an inference that he was deprived of a constitutional right. As to the competency claim, there is no support for an inference that counsel was ineffective for failing to contest his competence to plead guilty. *A fortiori*, there is no support for an inference that Covert was so obviously incompetent that the trial court violated due process by permitting him to enter a guilty plea. The petition fails to state a claim on which relief may be granted.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v.*

*Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

As explained, none of Covert's claims makes a substantial showing that he was deprived of a constitutional right. Further, as he presented none of his claims in the courts of the State of Montana, reasonable jurists would find no basis to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. The Petition (Doc. 1) should be DENIED on the merits and DISMISSED WITH PREJUDICE as procedurally defaulted.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT
### TO FINDINGS & RECOMMENDATION

**AND CONSEQUENCES OF FAILURE TO OBJECT**

Covert may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

DATED this 12th day of June, 2014.

_Jeremiah C. Lynch_
Jeremiah C. Lynch
United States Magistrate Judge

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.