

FILED

JUL 0 8 2014

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOSEPH WAYNE COVERT,<br><br>Petitioner,<br><br>vs.<br><br>DAN O'FALLON; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | CV 13-207-M-DWM-JCL<br><br>ORDER |

This matter comes before this Court on Petitioner Joseph Wayne Covert's writ of habeas corpus under 28 U.S.C. § 2254. United States Magistrate Judge Lynch recommends denying the petition on the merits and dismissing it with prejudice as procedurally defaulted. (Doc. 17.)

Covert is entitled to *de novo* review of the specified findings or

1

recommendations to which he objects. 28 U.S.C. § 636(b)(1). The Court reviews the Findings and Recommendations not specifically objected to for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). Through appointed counsel, Covert objects to Judge Lynch's Findings and Recommendations on the grounds that there is other evidence supporting Covert's claim that he was "impaired and mentally unfit to make rational decisions" about his criminal case and he can present more than a mere ethical violation in regards to the prosecutor in this matter. Despite these objections, the Court agrees with Judge Lynch's analysis and conclusions.

Covert first contends that Judge Lynch did not adequately consider the evidence as it relates to Covert's competency at the time he plead guilty, citing Covert and his mother's assessment of his mental state at the time, the fact he was held in a padded cell and in isolation for a period prior to the proceeding, his medications, and his long history of substance abuse. Although these facts may be relevant, they do not address or contravene the findings of the two professional psychologists relied upon by Judge Lynch. Further, the facts put forth by Covert speak only indirectly to his competency at the time while the conclusions drawn

2

by the two psychologists speak directly to the issue. Therefore, Covert's petition is properly dismissed with prejudice as procedurally defaulted in its entirety.

Covert further contends that he can establish more than an ethical violation as it relates to the prosecutor in his case, alleging the prosecutor previously represented Covert and learned about Covert's chemical dependency problems, prior criminal convictions, and other similar information during the course of that relationship. Covert's contention that he can "establish more than a mere ethical violation" and that the information was "used to his detriment" are conclusory allegations. Even when construing the facts alleged in his objection with those presented in his petition, Covert has failed to assert a substantial deprivation of a constitutional right.

Covert does not object to Judge Lynch's other determinations and the Court finds no clear error as it relates to those findings.

Accordingly, IT IS ORDERED that the Findings and Recommendation (Doc. 17) are ADOPTED IN FULL. Covert's petition for writ of habeas corpus (Doc. 1) is DENIED on the merits and DISMISSED WITH PREJUDICE as procedurally defaulted.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

Dated this 6th day of July, 2014.

/s/ Donald W. Molloy

Donald W. Molloy, District Judge
United States District Court